UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS TERRELL FREEMAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>A. MARTIN, et al.,<br><br>    Defendants. | 1:14-cv-00575-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURT ORDERS<br><br>(Doc. 5.) |

**I.    BACKGROUND**

    Demetrius Terrell Freeman ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on April 21, 2014. (Doc. 1.)

    On May 19, 2014, Plaintiff filed a motion in which he requests court orders as follows: (1) prohibiting prison officials from retaliating against him and requiring prison officials to return his personal property, (2) requiring the preservation of evidence, (3) combining this case with another case filed by Plaintiff, and (4) ruling on the exhaustion issue in this case. (Doc. 5.)

**II.    PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff seeks court orders prohibiting prison officials from retaliating against him, and requiring prison officials to return his personal property. Plaintiff is presently incarcerated at the United States Penitentiary (USP)-Beaumont in Beaumont, Texas. Plaintiff alleges that he is being retaliated against by prison officials there for using the administrative remedy process. Plaintiff also alleges that a prison counselor at USP-Beaumont vandalized his cell and confiscated some of his personal property.

The events at issue in Plaintiff's Complaint allegedly occurred at USP-Atwater in Atwater, California when Plaintiff was incarcerated there. Therefore, the court orders Plaintiff requests, directed at prison officials at USP-Beaumont, would not remedy any of the claims arising at USP-Atwater upon which this action proceeds. Plaintiff requests court orders protecting him from present and future actions by prison officials. Because such orders would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion for preliminary injunctive relief must be denied.

Moreover, Plaintiff is advised that "a federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order prohibiting any of them from acting against Plaintiff.

### III. PRESERVATION OF EVIDENCE

"Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foldy & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal.App.4th 675, 680, 80 Cal.Rptr.2d 443 (1998)). "Litigants owe an uncompromising duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit, or one in the offing . . . ." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations and citations omitted). Further, the destruction of evidence is sanctionable conduct.

**Discussion**

Plaintiff requests a court order requiring the preservation of certain evidence. Plaintiff asserts that a video tape exists of the assault which serves as the basis of this action. Plaintiff also asserts that BOP (Bureau of Prisons) policy stipulates that all use-of-force videos must be held for two years. Plaintiff asserts that he notified the institution about this civil case in 2012

and also notified the DHO (Discipline Hearing Officer) when he submitted a request to hold the video as evidence, but the DHO has refused to issue a DHO report.  Plaintiff requests the court to issue an order requiring personnel at USP-Atwater to send the video to the court or retain it as evidence in this action.

Given that the litigants already have a duty to preserve evidence, Plaintiff's request for a court order shall be denied.  The Court declines to presume that Defendants will destroy evidence, and Plaintiff has not explained the significance of the DHO's refusal to issue a DHO report or otherwise provided evidence that the video is in danger of being destroyed.

## IV. CONSOLIDATION OF CASES

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all of the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case.  See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977).  The decision whether to consolidate cases rests in the trial court's sound discretion, and is not dependent on party approval.  Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993).  In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

**Discussion**

Plaintiff requests the court to consolidate this case with Plaintiff's case 13-cv-03397-MSK-CBS, "to simplify matters."  (Motion at 2.)  Plaintiff has not indicated when or where case 13-cv-03397-MSK-CBS was filed or provided any information about the parties, allegations, or claims in the case.  The case number given by Plaintiff does not match with any

cases in this court. Without more information, the court cannot determine whether these two cases involve a common question of law or fact or whether consolidation would aid in the efficient and economic disposition of the cases. Therefore, Plaintiff's request for consolidation shall be denied.

## V.     EXHAUSTION OF REMEDIES

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the federal Bureau of Prisons (BOP) has an administrative grievance system for prisoner complaints. 28 C.F.R. §542.10, et seq. The process is initiated by submitting a formal written Administrative Remedy Request on form

BP-9.  Id. § 542.14.  In most cases, inmates are required to complete informal resolution and submit a Request form to the Warden within twenty calendar days of the date on which the basis for the Request occurred.  Id.   If an inmate is not satisfied with the Warden's response, he or she may submit an Appeal on form BP-10 to the Regional Director within twenty calendar days of the date the Warden signed the response.  Id. § 542.15(a).  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on form BP-11 to the General Counsel within thirty days of the date the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  In order to satisfy § 1997e(a), federal prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### Discussion

Plaintiff requests the court to make a ruling on the exhaustion-of-remedies issue in this case.  Plaintiff requests the court to review "the sensitive BP-9 and BP-11 forms . . . [which he] no longer possess[es]," to determine whether he has met the requirements for exhaustion of remedies for this case.

Because exhaustion is an affirmative defense, sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes the prisoner's failure to exhaust.  See Jones v. Bock, 549 U.S. 199, 214-15, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  The court has reviewed Plaintiff's Complaint and does not find that the Complaint, on its face, establishes Plaintiff's failure to exhaust.[1]  Therefore, at this juncture the court shall not decide the issue of exhaustion in this case, and Plaintiff's request for a ruling at this stage of the proceedings shall be denied.

### VI.     CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

---

[1] Moreover, Plaintiff has not provided the court with copies of the BP forms he seeks to have reviewed.  Plaintiff states in the Complaint that he "enclosed proof of exhaustion."  (Compl at 2 ¶II.B.)  However, there is no record that Plaintiff submitted any documents with the Complaint.

1. Plaintiff's motion for a court order prohibiting prison officials from retaliating against him and requiring prison officials to return his personal property is DENIED;

2. Plaintiff's request for a court order requiring the preservation of evidence is DENIED;

3. Plaintiff's request for consolidation of cases is DENIED; and

4. Plaintiff's request for a ruling on the exhaustion-of-remedies issue in this case is DENIED.

IT IS SO ORDERED.

Dated: **May 23, 2014**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE