UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS TERRELL FREEMAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>A. MARTIN, et al.,<br><br>    Defendants. | 1:14-cv-00575-LJO-GSA-PC<br>Appeal Case No. 15-15452<br><br>ORDER FOR PLAINTIFF TO FILE DECLARATION UNDER PENALTY OF PERJURY, AND OTHER EVIDENCE, AS DESCRIBED BY THIS ORDER<br><br>FORTY-FIVE DAY DEADLINE |

On March 3, 2017, this case was remanded to this district court by the Ninth Circuit Court of Appeals, for the limited purpose of determining the date that appellant, Demetrius Terrell Freeman,[1] delivered his notice of appeal to prison authorities for mailing. (ECF No. 25.) The court was directed to forward its finding to the Clerk of the Ninth Circuit Court of Appeals. (Id.) The court now issues this order pursuant to the Ninth Circuit's directive.

**I.    BACKGROUND**

Demetrius Terrell Freeman (Plaintiff), a federal prisoner proceeding *pro se* pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), filed the Complaint commencing this action on April 21, 2014. (ECF No. 1.) On October 31, 2014, the case was dismissed for

---

[1] Demetrius Terrell Freeman is referred to as "Plaintiff" in his district court case and "Appellant" in his appeal.

Plaintiff's failure to prosecute, and judgment was entered the same day.  (ECF No. 12, 13.)  On March 10, 2016, Plaintiff filed a notice of appeal at the district court, which was processed and forwarded to the Ninth Circuit Court of Appeals, where it was assigned case number 15-15452. (ECF No. 19.)

## II.     NOTICE OF APPEAL – TIMELY FILING

In a civil case, the notice of appeal must ordinarily be filed with the district clerk within thirty days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  However, if an inmate confined in an institution files a notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and it is accompanied by a declaration in compliance with 28 U.S.C. § 1746 -- or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid."  Fed. R. App. P. 4(c).  "If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of [Rule 4(c)]."  Id.

Judgment was entered in Plaintiff's case on October 31, 2014, and Plaintiff's notice of appeal was filed with the district clerk on March 10, 2015, more than thirty days after entry of the judgment.  (ECF Nos. 13, 19.)  Thus, under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Plaintiff's notice of appeal was not timely filed, unless Plaintiff deposited it in the institution's internal mail system on or before the last day for filing.

## III.    PROCEDURAL HISTORY

On March 17, 2015, the Ninth Circuit Court of Appeals issued an order requiring Demetrius Terrell Freeman (Appellant) to file a declaration or notarized statement attesting to the date on which the notice of appeal was deposited in the institution's internal mail system and whether first class postage was prepaid, or otherwise show cause why the appeal should not be dismissed for lack of jurisdiction.  (Appeal DktEntry No. 3.)  On March 26, 2015, Appellant filed a declaration styled as a letter, attesting that he mailed the notice of appeal no later than November 1, 2014, by placing it in the institutional mail system with first class postage affixed. (Appeal DktEntry No. 4.)   The order to show cause was discharged.  (Appeal DktEntry No. 7.)

On December 2, 2015, appellees J. Ciufo and A. Martin (Appellees) filed a motion to dismiss Appellant's appeal for lack of jurisdiction, on the ground that the appeal was untimely. (Appeal DktEntry 29-1.) Appellees argued that Appellant's declaration, filed on March 26, 2015, was implausible and was not signed under penalty of perjury. Appellees submitted the declaration of Armenda Boteler, Supervisory Correctional Systems Specialist at the Federal Correctional Complex in Pollack Louisiana, ("FCC Pollock"), who described the system in place for inmates to send legal mail. (Boteler Decl., Appeal DktEntry 29-15 ¶¶3-6.) Boteler also declared that mailroom staff at FCC Pollock maintains a log only for certified mail, and that she reviewed the mail logs for the relevant time period[2] and found no entries for outgoing certified mail sent by Appellant during that time period. (Id. ¶8.) Appellee's motion to dismiss is pending.

**IV.    DISCUSSION**

This court is tasked with determining the date that Plaintiff/Appellant, Demetrius Terrell Freeman, delivered his notice of appeal to prison authorities for mailing. To that end, Plaintiff shall be required to file a declaration at the district court, describing in detail the process he followed when submitting his notice of appeal for mailing at the institution where he was incarcerated at the time. Plaintiff's declaration must be dated and signed under penalty of perjury,[3] providing a detailed account of the circumstances surrounding Plaintiff's delivery of his notice of appeal to prison authorities. Plaintiff must address the following in his declaration:

(1)    When and how did you find out your case had been dismissed? Where were you housed at the time?

///

---

[2] The relevant time period included October 17, 2014, the date of Plaintiff's arrival at FCC Pollock, until March 2015. (Boteler Decl. ¶8.)

[3] The declaration must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by the declarant, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) . (Signature)." Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit. 28 U.S.C. § 1746.

(2) When did you write the notice of appeal? Did anyone help you write it? If so, who? Did you deliver it for mailing on that same day?

(3) When did you submit the notice of appeal for mailing? Give the date, time of day, day of the week, whether it was a holiday, and any other description of the day.

(4) How did you submit the mail at the institution? If to a staff member or other person, give the title and name. If you don't know the name, give a description of the person. Was there any conversation between you and others at the time? Describe. Where were you when you submitted the mail?

(5) If you did not submit the notice of appeal to a staff member or other person, where and how did you deliver it for mailing? Was anyone else present when you delivered it? Did anyone know you were going to deliver the mail? If so, who? What were the circumstances?

(6) What type of envelope did you use? Was the envelope sealed when you delivered it? Was postage affixed? Did you send the notice of appeal by certified mail?

(7) Was the mail opened, scanned, or inspected in your presence? If so, by whom? Were you given a receipt of any kind?

(8) What is your general experience with the outgoing mail at FCC Pollock? Is it promptly mailed out? Any problems or delays you have noticed? Who was working in the mailroom at the time you delivered for mailing the notice of appeal? Identify by name or description. How long does it generally take, if you know, for outgoing mail to be delivered to the recipient after it is delivered at the institution for mailing?

(9) Were there any safety or security issues at the institution at the time you delivered the mail? Was the institution on lockdown? If so, for what reason and for how long? Is there any reason you know of as to why

            outgoing mail would have been delayed? Do you remember anything else about that day?

  (10)  Describe in detail any other circumstances you remember about delivering the notice of appeal for mailing. If you have any evidence supporting your declaration, submit the evidence to the court with the declaration. If you have any witnesses to support your account of what happened, give their names, titles, I.D. numbers, descriptions. What could they testify to? You are required to submit any evidence you have or that is available to you, including declarations of witnesses, prison records, and other documentary evidence.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Within forty-five days of the date of service of this order, Plaintiff is required to file his declaration, dated and signed under penalty of perjury, as instructed by this order;

2. Together with the declaration, Plaintiff is required to provide to the court any evidence he has, or that is available to him, in support of his account of when and how he delivered his notice of appeal for mailing at the institution, including but not limited to names of witnesses, declarations of witnesses, prison records, and other documentary evidence; and

3. The Clerk is directed to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

   Dated: __**March 24, 2017**__                  __**/s/ Gary S. Austin**__
                                                            UNITED STATES MAGISTRATE JUDGE