UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS TERRELL FREEMAN,<br><br>           Plaintiff,<br><br>   vs.<br><br>A. MARTIN, et al.,<br><br>           Defendants. | 1:14-cv-00575-LJO-GSA-PC<br><br>FINDING AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION<br>(ECF No. 28.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I.    BACKGROUND

Demetrius Terrell Freeman (Plaintiff), a federal prisoner proceeding *pro se* pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971), filed the Complaint commencing this action on April 21, 2014. (ECF No. 1.) On October 31, 2014, the case was dismissed for Plaintiff's failure to prosecute, and judgment was entered the same day. (ECF No. 12, 13.) On March 10, 2016, Plaintiff filed a notice of appeal. (ECF No. 19.) On March 3, 2017, this case was remanded to the district court by the Ninth Circuit Court of Appeals, for a limited purpose. (ECF No. 25.)

On February 23, 2015, Plaintiff filed a request for the court to issue an order requiring prison officials to return his personal property, which the court construes as a motion for injunctive relief. (ECF No. 45.)

## II. INJUNCTIVE RELIEF --- JURISDICTION

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### Discussion

Plaintiff is presently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi (FCI-Yazoo). Plaintiff seeks a court order requiring prison staff at FCI-Yazoo to return his personal property to him. However, the events at issue in Plaintiff's complaint for this action allegedly occurred at the United States Penitentiary in Atwater, California (USP-Atwater), when Plaintiff was incarcerated there.

The order Plaintiff seeks would require persons who are not defendants in this action, and who are not before the court, to act. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion should must be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a court order, filed on April 10, 2017, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **April 13, 2017**                  **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE